**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Mr. Pereda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| UNITED STATES OF AMERICA, | ) | CASE NO. 08CR1456-LAB |
|---|---|---|
| | ) | |
| | ) | DATE: September 8, 2008 |
| | ) | TIME: 2:00 p.m. |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S NOTICE OF MOTIONS AND** |
| v. | ) | **MOTIONS IN LIMINE TO:** |
| | ) | |
| KERMIT PEREDA-REBOLLO, | ) | 1) EXCLUDE STATEMENTS BY CO-DEFENDANT; |
| | ) | 2) EXCLUDE TESTIMONY REGARDING MR. PEREDA'S DEMEANOR OR SILENCE; |
| Defendant. | ) | 3) EXCLUDE ALL EXPERT TESTIMONY PURSUANT TO RULE 16; |
| | ) | 4) PREVENT A COPY OF THE INDICTMENT FROM BEING SUBMITTED DURING DELIBERATIONS; |
| | ) | 5) DISCLOSE GRAND JURY TRANSCRIPTS; |
| | ) | 6) PROVIDE A SEPARATE COPY OF THE JURY INSTRUCTIONS FOR EACH JUROR DURING DELIBERATIONS; AND |
| | ) | 7) ALLOW ATTORNEY-CONDUCTED VOIR DIRE |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
RANDY JONES, ASSISTANT UNITED STATES ATTORNEY:

Kermit Pereda-Rebollo, by and through his counsel, Elizabeth M. Barros, Federal Defenders of San Diego, Inc., brings these motions in limine to:

1) Exclude statements by co-defendant;

2) Exclude testimony regarding Mr. Pereda's demeanor or silence;

3) Exclude all expert testimony pursuant to Rule 16;

1  4)   Prevent a copy of the indictment from being submitted during deliberations;

2  5)   Disclose grand jury transcripts;

3  6)   Provide a separate copy of the jury instructions for each juror during deliberations; and

4  7)   Allow attorney-conducted voir dire

Mr. Pereda brings these motions pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, Fed. R. Crim. P. 12, 16 and 26, and all other applicable statutes, case law and local rules. These motions are based on the attached statement of facts and memorandum of points and authorities.

Respectfully submitted,

Dated: August 29, 2008

/s/ Elizabeth M. Barros
**ELIZABETH M. BARROS**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Pereda

**ELIZABETH M. BARROS**
California Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467

Attorneys for Mr. Pereda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KERMIT PEREDA-REBOLLO,<br><br>    Defendant. | CASE NO. 08CR1456-LAB<br><br>DATE: September 8, 2008<br>TIME: 2:00 p.m.<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS IN LIMINE |

**I.**

**STATEMENT OF FACTS**[1]

On April 13, 2008, Mr. Pereda was arrested after being pulled over by border patrol agents. Agents searched the vehicle and found undocumented aliens inside. Mr. Pereda and the front-seat passenger were subsequently charged with three counts of transportation of illegal aliens and aiding and abetting in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(II). Both defendants made statements.

//
//
//

---

[1] This statement of facts is taken from the criminal complaint and discovery provided by the government. Mr. Pereda does not adopt these facts and reserves the right to challenge these facts at any future proceeding.

## II.

## MOTIONS

**1.     Exclude Statement's By Co-Defendant Law or Sever Defendants.**

Pursuant to Crawford v. Washington, 541 U.S. 36 (2004), this Court should suppress the statements of all unavailable witnesses, including the statements given by co-defendant Daniel Preciado. As the 1966 Advisory Committee Note to Fed. R. Evid. 14 indicates:

> A defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand. Limiting instructions to the jury may not in fact erase the prejudice . . .

A few years after the 1966 Amendment to Rule 14, the Supreme Court decided Bruton v. United States, 391 U.S. 123 (1968). The Court clearly held that admission of a co-defendant's statement at trial implicating the defendant violated the defendant's Sixth Amendment right to confront and cross-examine witnesses. Id. at 126. Quoting the dissent in Delli Paoli v. United States, 352 U.S. 232, 247-248 (1957), the Court emphasized:

> The fact of the matter is that too often such admonition against misuse is intrinsically ineffective in that the effect of such a nonadmissible declaration cannot be wiped from the brains of the jurors. The admonition therefore becomes a futile collocation of words and fails of its purpose as a legal protection to defendants against whom such a declaration should not tell. . . The Government should not have the windfall of having the jury be influenced by evidence against a defendant which, as a matter of law, they should not consider but which they cannot put out of their minds.

Id. at 129 (quotations omitted). Therefore, the Supreme Court reversed, even though the trial court gave a clear instruction that the confession could not be used against the defendant. Id. at 137.

Here, it is anticipated that the government may attempt to introduce defendant Preciado's statements at trial. Unless Mr. Preciado testifies, the admission of his statements would violate Mr. Preciado's Sixth Amendment right to confront and cross-examine the witnesses against him. As the Supreme Court made clear in Bruton, as well as the 1966 Committee Note to Rule 14, a limiting instruction cannot effectively eliminate the prejudice to Mr. Pereda. Therefore, this Court should suppress Mr. Pereda's statements or sever the defendants' trials to protect Mr. Pereda's constitutional rights.

//

//

//

**2.      Exclude Testimony Regarding Mr. Pereda's Demeanor or Silence.**

      **A.      Such Testimony Should Be Precluded Under Federal Rule of Evidence 403 and the Fifth Amendment.**

Counsel anticipates that the agents may testify that Mr. Pereda was acting nervous. Moreover, agents often attempt to testify that a defendant's body language indicated an "unwillingness to cooperate," or that the defendant stood silent or expressionless in the face of questions or comments. Mr. Pereda respectfully requests a motion in limine prohibiting the government from eliciting any testimony that Mr. Pereda was nervous or that his body language indicated an unwillingness to cooperate or that he was silent or expressionless.

Absent some prior knowledge of the defendant, lay witness testimony regarding a defendant's demeanor has minimal, if any, relevance. United States v. Wald, 216 F.3d 1222, 1227 (10th Cir.2000) (*en banc*) (evidence of nervousness "is of limited significance"[,] "particularly when [the agent] had no prior acquaintance with the [defendant]."); United States v. Fernandez, 18 F.3d 874, 879 (10th Cir.1994) ("We have repeatedly held that nervousness is of limited significance in determining reasonable suspicion and that the government's repetitive reliance on the nervousness . . . must be treated with caution"); see also Gall v. Parker, 231 F.3d 265, 292 (6th Cir. 2000) (testimony that Gall seemed "nice [and] normal" and was "not nervous"error because -- "we have long been skeptical of such lay testimony"); United States v. Burks, 547 F.2d 968, 970 (6th Cir.1977) (stating that lay testimony that defendant did not appear "abnormal" by persons "who had very limited opportunity to observe" him had little value), rev'd on other grounds, 437 U.S. 1, 98 S.Ct. 2141 (1978); United States v. Smith, 437 F.2d 538, 540-41 (6th Cir. 1970) (lay testimony as to mental state lacks probative value when a witness's "direct knowledge of the defendant is brief and superficial.").[2]

In reversing a trial court's decision, the Tenth Circuit, in Fernandez expressly notes, that: "[t]he lower court's heavy reliance on nervousness as an important factor establishing reasonable suspicion is even more

---

[2] In both Gall and Smith, mental state was the defense, and it was deemed error to have lay witnesses, without prior knowledge of the defendant opine that he appeared "not nervous," Gall, 231 F.3d at 292, or that "he did not appear abnormal," Smith, 437 F.2d at 540. Similarly, here, where a distinct mental state (knowledge), is the determinative issue, permitting witnesses without expertise and with no prior knowledge of Mr. Pereda to testify regarding their interpretations of his demeanor is equally erroneous.

1 troublesome given the complete lack of evidence in the record that [the police officer] had any prior
2 knowledge of Fernandez . . . ." 18 F.3d at 879.

3       These cases demonstrate that courts place little to no weight upon demeanor in making particular fact-
4 based rulings under the lesser burdens of proof than the beyond a reasonable doubt standard applicable at trial.
5 See, e.g., United States v. Chavez-Valenzuela, 268 F.3d 719 (9th Cir. 2001) ("[N]ervousness during a traffic
6 stop -- even . . . extreme nervousness . . . . . . in the absence of other particularized, objective factors, does
7 not support a reasonable suspicion of criminal activity . . . ."). For example, in Chavez-Valenzuela, Wald and
8 Fernandez, nervousness was considered to be of little to no probative value in a probable cause/reasonable
9 suspicion context where evidentiary standards are relaxed and where there is no need to consider the
10 prejudicial impact of such evidence. Id.; Wald, 216 F.3d at 1227; Fernandez, 18 F.3d at 879.

11       The reasoning underlying the minimal significance accorded to a person's demeanor, is that courts
12 recognize that there are both innocent and guilty explanations for a person's demeanor. For example, people
13 confronted with law enforcement often exhibit signs of nervousness, without having done anything wrong.
14 See, e.g., Chavez-Valenzuela, 268 F.3d at 725 ("Encounters with police are necessarily stressful for law-
15 abiders and criminals alike"); United States v. Fuentes-Cariaga, 209 F.3d 1140, 1142 (9th Cir. 2000)
16 (recognizing that "drivers stopped at the border (or anywhere else) can be nervous for many reasons, one being
17 a natural unease when confronted by an authority figure and another being fear of getting caught with
18 contraband the person knows he is carrying"); accord Wald, 208 F.3d at 907 (it is not uncommon for most
19 citizens, even innocent ones, to exhibit signs of "innocuous" nervousness when confronted by a law
20 enforcement); United States v. Wood, 106 F.3d 942, 947 (10th Cir. 1997) ("It is certainly not uncommon for
21 most citizens--whether innocent or guilty--to exhibit signs of nervousness when confronted by law
22 enforcement officer."); Fernandez, 18 F.3d at 879 (same); United States v. Diaz-Carreon, 915 F.2d 951, 954
23 (5th Cir. 1990 ("Nervousness, however, is 'a normal reaction to circumstances which one does not understand.
24 In the absence of facts which suggest that the defendant's nervousness or anxiety derives from an underlying
25 consciousness of criminal behavior, evidence of nervousness is insufficient to support a finding of guilty

26 //
27 //
28 //

knowledge");[3] United States v. Millan-Diaz, 975 F.2d 720, 722 (10th Cir.1992) (same); United States v. Grant, 920 F.2d 376, 386 (6th Cir. 1990)("[n]ervousness is entirely consistent with innocent behavior, especially at an airport where a traveler may be anticipating a long- awaited rendezvous with friends or family"); United States v. Andrews, 600 F.2d 563, 566, n. 4 (6th Cir.1979) (noting inconsistent rationales taken by government in explaining nervousness).

In determining what can properly be considered in making reasonable suspicion/probable cause determinations, it is improper for district courts to rely upon factors which lead to a "heads I win, tails you lose" result for the prosecution. Gonzalez-Rivera v. INS, 22 F.3d 1441, 1447 (9th Cir. 1994) (noting that point with respect to a driver's avoidance of eye contact with law enforcement the government argues that whether the driver made eye contact or avoided it both are signs of guilt); see also United States v. Lopez, 564 F.2d 710 (5th Cir. 1977)(where a factor and its opposite can both be used to justify a stop, the court should not give weight to either factor.). Nervousness is precisely such a factor as recognized by the court in Andrews, 600 F.2d at 566, n. 4, where it discussed the fact that the government argues in some cases that "nervousness" indicates guilty knowledge while in others that its absence indicates the guilty knowledge of the calm and collected criminal. Since it is inappropriate for courts to consider such a factor in a mere probable cause calculus, concomitantly, a jury should not consider it at a far more important event, such as a trial[4]. Indeed,

//

---

[3] In Diaz-Carreon, the Fifth Circuit held that the "nervousness" was linked to consciousness of guilt but only because there, "*before being told that agents had discovered marijuana in the pickup truck,* Diaz-Carreon volunteered, 'If the truck is loaded, I didn't know about it.'" 915 F.2d at 954 (emphasis in original). Here, no such link between any amorphous "nervous" behavior and consciousness of guilt exists.

[4] In the suppression context, courts are precluded from considering certain factors and as a matter of law, cannot rely upon them in finding probable cause or reasonable suspicion, such as race or ethnicity, United States v. Montero-Camargo, 208 F.3d 1122, 1131-32 (9th Cir.2000) (en banc). Because of its limited probative value and the equivalent "guilty" and "innocent," explanation, courts indicate that "nervousness" also, should be accorded little to no consideration. While a factor such as race is not permitted to be the subject of testimony indicating guilty knowledge at a trial for other reasons, one such reason, *i.e*, that it has no relevance for purposes of ascertaining guilty knowledge, applies equally to demeanor evidence. Just as race would not be a permissible subject of testimony at trial, testimony about an individual's demeanor should not be admitted either.

we expect our judges to be able to put aside undue prejudice when the law recognizes that jurors cannot do the same.

Jurors will assign undue weight to a law enforcement officer's testimony that an individual was "nervous" and equate nervous behavior with suspicious behavior. See e.g., United States v. Gutierrez, 995 F.2d 169, 172 (9th Cir.1993) (testimony of law enforcement officers "'often carries an aura of special reliability and trustworthiness,'") (quoting United States v. Espinosa, 827 F.2d 604, 613 (9th Cir.1987)). It is also true that, as is previously recognized, testimony that someone is "nervous" in the presence of law enforcement, is ambiguous. For these reasons, evidence that someone was "nervous" should fall in the same category as evidence that an individual remained silent when confronted with law enforcement accusation.

Demeanor evidence also touches upon a defendant's constitutional right to remain silent. It is well established that the Fifth Amendment right to remain silent carries an implicit assurance that silence will carry no penalty. See Doyle v. Ohio, 426 U.S. 610, 619-20 (1976)(comment on post-arrest, post-Miranda silence inadmissible under the Fifth Amendment); see also Guam v. Veloria, 136 F.3d 648, 652 (9th Cir.1998) (same).

In United States v. Velarde-Gomez, 269 F.3d 1023 (9th Cir. 2001), for example, the district court permitted the government to admit a police officer's testimony about the defendant's lack of physical or emotional reaction when confronted with a large amount of marijuana in gas tank of his vehicle. On appeal, the Ninth Circuit held that the government may not use evidence of a defendant's demeanor at trial, for impeachment or during its case-in-chief, because such evidence penalizes the exercise of a constitutional right. Id. at 1032. The Court reasoned that there was no meaningful distinction between the "demeanor" evidence at issue and the "silence" the Court previously held inadmissible in United States v. Whitehead, 200 F.3d 634 (9th Cir. 2000). Velarde-Gomez, 269 F.3d at 1025, 1030-31.

Apart from any constitutional protection, evidence of a person's silence is also inadmissible pursuant to Federal Rule of Evidence 403. United States v. Hale, 422 U.S. 171 (1975). Thus, any slight probative value which could exist is insufficient to justify its admission. All told, any proposed testimony that Mr. Pereda displayed signs of nervousness or that he remained silent or expressionless, is irrelevant to the issue at hand and should be excluded under Federal Rule of Evidence 403 as being substantially more prejudicial than probative.

       **B.**     **Admission of Testimony Regarding Mr. Pereda's Demeanor Violates Rules 701 & 704(b)**

Finally, such evidence should be excluded if it is couched in terms of a law enforcement witness' personal opinion about Mr. Pereda's behavior. The agent's personal opinion is irrelevant and such opinion testimony based on no prior knowledge of the defendant and upon a very limited observation opportunity, violates Fed. R. Evid. 701. Rule 701 provides that a lay witness can only testify to opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or to the determination of a fact in issue and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. In Gonzalez-Rivera v. INS, 22 F.3d 1441 (9th Cir. 1994), this Circuit held that an INS agent's testimony at a suppression hearing that an individual was nervous must be disregarded because it was not based upon "reliable, objective evidence." Id. at 1447. There, when explored, the basis for the agent's testimony was that the individual appeared to have a "dry mouth." The court stated that absent reliable, objective testimony that people who are nervous have a dry mouth, as opposed to just being thirsty, this inference was nothing more than "subjective feelings [which] do[] not provide any rational basis for separating out the illegal aliens from the American citizens and legal aliens." Id. Likewise, any testimony regarding Mr. Pereda's demeanor based on the officers' subjective judgment and no prior knowledge of him should not be considered by the jury.

**3.**     **All Expert Witnesses Offered Without Appropriate Notice to Mr. Pereda Violate Federal Rules of Criminal Procedure 16(a)(1)(E) And Must Be Excluded.**

Federal Rule of Criminal Procedure 16(a)(1)(E) mandates that "[a]t the defendant's request, the government shall disclose to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial . . . . The summary provided under this subdivision shall describe the witnesses' opinions, the bases and the reasons for those opinions, and the witnesses' qualifications." The obligation to provide this material is ongoing, continuing prior to and during trial. Fed. R. Crim. P. 16(c). When a party fails to comply with the discovery rules set forth in Rule 16, exclusion is a proper remedy. Fed. R. Crim. P. 16(d)(2). See also Advisory Committee Notes to 1997 Amendment (asserting that "[u]nder rule 16(a)(1)(E), as amended in 1993, the defense is entitled to disclosure of certain information about expert witnesses which the government intends to call during the trial" (emphasis provided.).

On May 27, 2008, Mr. Pereda filed pretrial motions requesting notice of any expert witnesses that the government intends to call at trial. However, thus far, the government has given no notice of any expert witness testimony. Therefore, Mr. Pereda respectfully requests that this Court grant a motion in limine excluding such testimony, to give effect to the discovery requirements of Rule 16, and to afford the accused the opportunity to prepare his defense in this case.

**4.     The Court Should Not Send the Indictment into the Jury Room During Deliberations.**

Neither the Federal Rules of Criminal Procedure nor case law require sending a copy of the indictment to the jury room because the indictment is not evidence. In fact, should this Court allow a copy of the indictment to be sent to the jury room, it should caution the jury that the indictment is not evidence. See United States v. Utz, 886 F.2d 1148, 1151-52 (9th Cir. 1989).

Mr. Pereda urges this Court to not to send the indictment into the jury room. The language in the instant indictment mirrors the language of the charged statutes. Accordingly, jurors could be improperly persuaded by the similarities between the indictment allegations and the elements of the crime. Because the indictment is not evidence, but could potentially be mistaken for such, this document should not be permitted into the jury room during deliberations.

**5.     Disclose Grand Jury Transcripts.**

The Court should make Grand Jury transcripts available when the defense can show a particularized need. The particularized need present in this case is that at least one witness who testified before the Grand Jury may testify at the trial of Mr. Pereda. The government must produce a transcript of a witness's testimony before the Grand Jury following the direct examination of the witness at trial. 18 U.S.C. § 3500; Dennis v. United States, 384 U.S. 855 (1966); Fed. R. Crim. P. 26.2(f)(3). The defense requests that the government make such transcripts available in advance of trial to facilitate the orderly presentation of evidence and to remove any need for a recess in the proceedings for defense counsel to examine the statement pursuant to Fed. R. Crim. P. 26.2(d).

**6.     Provide a Separate Copy of the Jury Instructions for Each Juror During Deliberations.**

Juries consist of lay people who are required to follow the law. Their responsibility becomes more difficult when all twelve jurors have access to only one copy of instructions. Often each juror does not have

//

1  an opportunity to even read or understand the critical instructions. Consequently, jurors fail to understand
2  the government's burden of proving a case beyond a reasonable doubt.
3      In this case, there are *specific* elements the government must prove in order to convict Mr. Pereda of
4  the crimes alleged. The Court will instruct the jury on each of these elements. However, in order for the jury
5  to properly, effectively, and efficiently perform its function of determining whether the government has
6  proven each element beyond a reasonable doubt, each juror also should be provided a written copy of the jury
7  instructions.[5]

8  **7.    Allow Attorney-Conducted Voir Dire the Jury.**
9      Pursuant to Fed. R. Crim. P. 24(a), to provide effective assistance of counsel and to exercise
10 Mr. Pereda's right to trial by an impartial jury, defense counsel requests the opportunity to personally voir dire
11 the prospective members of the jury. Mr. Pereda is not asking for hours of the Court's time; rather, he is
12 requesting a discreet opportunity to inquire into important issues that commonly arise in such a case.

### III.
### CONCLUSION

15     For the foregoing reasons, Mr. Pereda respectfully requests that this Court grant these motions in
16 limine, as well as these other motions for trial.

                                          Respectfully submitted,

19 Dated: August 29, 2008           /s/ Elizabeth M. Barros
                                          **ELIZABETH M. BARROS**
                                          Federal Defenders of San Diego, Inc.
20                                          Attorneys for Mr. Pereda

---

[5] Mr. Pereda is willing to pay the costs for the additional copies of the jury instructions.

1  **ELIZABETH M. BARROS**
   California State Bar No. 227629
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, CA 92101-5008
   (619) 234-8467/Fax: (619) 687-2666
4  E-Mail: elizabeth_barros@fd.org

5  Attorneys for Kermit Pereda-Rebollo

8             UNITED STATES DISTRICT COURT

9             SOUTHERN DISTRICT OF CALIFORNIA

10                **(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1456-LAB-01 |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| KERMIT PEREDA-REBOLLO, | |
| Defendant. | |

Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

Tamara D. DeHaan
dehaanesq@cox.net;

Randy K. Jones
Randy.Jones2@usdoj.gov,efile.dkt.gc1@usdoj.gov,Stephanie.Delgadillo@usdoj.gov;

Thomas Paul Matthews
tmatthews@libertylawyers.com,afamigo@hotmail.com,nspaniol@libertylawyers.com,
enicolalde@libertylawyers.com; and

Erika Maritza Nicolalde
enicolalde@libertylawyers.com,afamigo@hotmail.com,nspaniol@libertylawyers.com,
tmatthews@libertylawyers.com

Respectfully submitted,

DATED:     August 29, 2008            /s/ Elizabeth M. Barros
                                      **ELIZABETH M. BARROS**
                                      Federal Defenders of San Diego, Inc.
                                      Attorneys for Kermit Pereda-Rebollo