KAREN P. HEWITT
United States Attorney
RANDY K. JONES
Assistant U.S. Attorney
California State Bar No. 141711
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5684

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>KERMIT PEREDA-REBOLLA (1),<br>DANIEL PRECIADO (2)<br><br>　　　　　　Defendants. | Criminal Case No. 08CR1456-LAB<br><br>Date: September 9, 2008<br>Time: 9:00 a.m.<br>Courtroom: 9<br>Judge: Larry A. Burns<br><br>**GOVERNMENT'S TRIAL MEMORANDUM** |

COMES NOW the plaintiff, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Randy K. Jones, Assistant United States Attorney, and hereby files its Trial Memorandum in the above-captioned case. Said memorandum is based upon the files and records of this case.

**I**

**STATEMENT OF CASE**

**A.   Indictment**

On May 7, 2008, a federal grand jury in the Southern District of California returned a three-count Indictment against defendants KERMIT PEREDA-REBOLLA ("Pereda") and DANIEL PRECIADO ("Preciado") with transportation of illegal aliens and aiding and abetting, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(II).

///

On May 8, 2008, the defendants were arraigned on the Indictment and entered pleas of not guilty.

On May 28, 2008, Preciado filed his pre-trial motion for discovery. On June 6, 2008, Pereda filed his pre-trial motions for further discovery, to dismiss the indictment due to misinstruction of the grand jury; to suppress evidence under the Fourth Amendment; to suppress statements under the Fifth Amendment; and for leave to file further motions.

On June 13, 2008, the Government filed its response and opposition to defendants' motions, along with its motion for reciprocal discovery. On June 30, 2008, Preciado joined in Pereda's motions to suppress evidence and statements.

On July 21, 2008, the Court denied the defendants' motions to suppress evidence and statements. The court granted the Government's motion for reciprocal discovery.

**B.**    **Trial Status**

Trial is scheduled for Tuesday, September 9, 2008 at 9:00 a.m., before the Honorable Larry A. Burns. The United States expects that its case-in-chief will last two days.

**C.**    **Status of Counsel**

Defendant Pereda is represented by appointed counsel, Elizabeth Barros, Federal Defenders, Inc. Defendant Preciado is represented by retained counsel, Erika Maritza Nicolade.

**D.**    **Custody Status**

The defendants are currently in custody.

**E.**    **Interpreter**

The United States will need a court certified Spanish language interpreter for its three material witnesses: Rosendo Guillen-Villa, Enrique Lopez-Orozco, and Juan Carlos Vera-Najera. At least one of the defendants will need a Spanish interpreter.

**F.**    **Jury Waiver**

The defendants have not waived their right to a trial by jury.

**G.**    **Motions in Limine**

On August 27, 2008, Preciado filed his motions in limine to exclude all expert testimony pursuant to Rule 16 and 404(b) or 609. On August 29, 2008, Pereda filed his motions in limine to

1 exclude statement(s) by the co-defendant; exclude demeanor or silence evidence; exclude expert
2 testimony pursuant to Rule 16; prohibit a copy of the indictment from being submitted during
3 deliberations; disclose grand jury transcripts; provide a separate copy of the jury instructions for each
4 juror during deliberations; and to allow attorney conducted voir dire.

### H. Stipulations

There have been no stipulations filed at this time.

### I. Discovery

The United States has complied and will continue to comply with its discovery obligations. The defendants have not provided any reciprocal discovery.

## II

## STATEMENT OF FACTS

### A. Incident

On Sunday, April 13, 2008, at approximately 11:00 a.m., Border Patrol Agents Santos, Damian, and Senior Patrol Agent Salzano were conducting Border Patrol Operations at the U.S. Border Patrol Checkpoint located on Interstate 8 near Pine Valley, California. The checkpoint was closed due to high winds. At about 12:00 p.m., the agents received a citizen's report of a dump truck that had loaded several suspected illegal aliens near Tierra Del Sol in Boulevard, California. The agents quickly located a vehicle matching the description heading west bound on I-8 near Kitchen Creek Road. Agent Santos performed a vehicle stop of a Freightliner, FL 70 - Dump Truck, bearing California License plate 6G20810 near the I-8 Border Patrol Checkpoint near Pine Valley, California.

Agents Salzano and Santos approached the vehicle and identified themselves as border patrol agents to the driver and passenger, later identified as Pereda and Preciado, respectively. For officer safety, the agents had the Defendants get out of the vehicle. Agent Salzano asked the two men their citizenship and place of birth. Pereda stated that he was born in Mexico City, Mexico, and that he did not have any immigration documents that would allow him to enter or remain in the United States legally. Preciado stated that he was a United States citizen, but claimed to have left his documents at home. After further questioning, Preciado claimed that he was a resident alien from Mexico, but that he did not have his green card with him at the time.

Agent Salzano asked Preciado if there was anything in the vehicle that was illegal. Neither Preciado nor Pereda responded. Agent Salzano informed them that a canine search for drugs would be performed on the vehicle.

**B.   Canine Search**

Agent Salzano and his Narcotics Detector Dog (NDD) "Bartel" conducted a search of the vehicle. "Bartel" is trained and certified in the detection of methamphetamine, heroin, cocaine, marijuana, and concealed humans. "Bartel" alerted on the passenger side of the vehicle and followed the odor to the gate of the dump truck in the back of the truck. Agents Salzano and Damian climbed on the truck and observed 12 suspected illegal aliens lying on the bottom of the dump area. The agents identified themselves as United States Border Patrol Agents. All of the suspected illegal aliens admitted to being undocumented Mexican citizens illegally present in the United States.

At 12:08 p.m., the defendants and the 12 undocumented individuals were arrested and transported to the Campo Border Patrol Station processing unit.

**C.   Criminal and Immigration History**

Once at the station, the defendants were searched for officer safety by Agent Damian. In Preciado's pocket, Agent Damian found a Motorola cell phone and a hand written note containing directions to the location where the citizen's report had first seen the truck.

A subsequent criminal and immigration records check revealed that Pereda did not have a criminal record, but had been previously removed from the United States on March 3, 2006. The records check revealed that Preciado has a misdemeanor weapons offense from 2005 under Cal. PC 12020(a) manufacture/possess a dangerous weapon. He received 3 years probation and a $900 fine. Preciado does not have any prior immigration offenses.

**D.   Post Miranda Statements**

Pereda and Preciado were both read their Miranda rights and agreed to answer questions without a lawyer being present. Pereda made the following videotaped sworn statement:

> He is a Mexican citizen born in Mexico City, Mexico on January 1, 1982. He was approached by a man who asked him to drive a rental truck and pick up illegal aliens, and he agreed. The unidentified man told him that he would be paid an unknown sum of money for picking up the illegal aliens. He was given written instructions by the unknown man to the area where he would be picking up the illegal aliens. He drove to the area and saw the illegal aliens standing

next to the passenger, co-defendant Preciado, who yelled to the group to get in the back of the truck. He knew the people he picked up were illegal aliens, and he was going to take them to San Diego and then call the unidentifed man to await further instructions.

Preciado made the following videotaped sworn statement:

He is a Mexican citizen who was born in El Chante, Jalisco, Mexico on December 12, 1984. He attended San Pasqual High School in Escondido, California through the 10th grade and finished high school at Camp Barrett while he was in jail. His co-defendant was given the keys to the truck by an unidentified man who told them he wanted them to do a job. He (Preciado) did not know exactly what the job was, but that "it was probably to go pick up some wood." The unidentified man told him that he would be paid an unknown sum of money for doing the job. He was to be paid after they dropped the truck off with its contents. That he was given written instructions by the unknown man to the area to do the job. The cell phone found inside the truck was there when they got inside the truck and was to be used by the unknown man to contact them. They drove to the area where they were instructed to go and saw a man laying down on the road. When they stopped the truck, people began jumping into the back of the truck. He knew the people were illegal aliens but was afraid to tell them to get off the truck. That he was going to Escondido and was supposed to call the unknown man upon arrival.

### E. Material Witnesses' Statements

Rosendo Guillen-Villa ("Guillen-Villa") was one of 12 illegal aliens found in the back of the dump truck. Guillen-Villa made the following videotaped statement:

He is a citizen and national of Mexico born in Michoacan, Mexico. Both his parents are citizens and nationals of Mexico. He does not have nor has he ever had any immigration documents entitling him to be or remain in the United States legally. His brother had made arrangements with the smuggler to smuggle him to Las Vegas, Nevada for an unknown sum of money. He and the other aliens climbed the fence at night and walked a trail until the foot guide told them to stop. They waited in the brush for approximately two hours until the foot guide told them to get up and follow him. Once they arrived near the road, he saw the truck parked alongside the road. The foot guide told them to get into the back of the truck. Once they were loaded into the truck, the truck took off and did not stop until Border Patrol stopped them. He never communicated with the people driving the truck.

Enrique Lopez-Orozco ("Lopez-Orozco") was one of 12 illegal aliens found in the back of the dump truck. Lopez-Orozco made the following videotaped statement:

He is a citizen and national of Mexico born in Jalisco, Mexico. Both his parents are citizens and nationals of Mexico. He does not have nor has he ever had any immigration documents entitling him to be or remain in the United States legally. He made arrangements with a smuggler that his friend recommended. He was to be smuggled to Los Angeles, California for $3,200.00 He and the other aliens climbed the fence at night and walked a trail until the foot guides told them to stop. They waited in the brush for approximately two hours until the foot guides told them to get up and follow him. Once they arrived near the road, he saw the truck parked alongside the road. The foot guides told them to get into the back of the truck. Once they were loaded into the truck, the truck took off and did not stop until Border Patrol stopped them. He never communicated with the people driving the truck.

//

//

Juan Vera-Najera ("Vera-Najera") was one of 12 illegal aliens found in the back of the dump truck. Vera-Najera made the following videotaped statement:

> He is a citizen and national of Mexico born in Jalisco, Mexico. Both his parents are citizens and nationals of Mexico. He does not have nor has he ever had any immigration documents entitling him to be or remain in the United States legally. His relatives made arrangements with the smuggler to smuggle him to California for an unknown sum of money that his relatives would pay. He and the other aliens climbed the fence at night and walked a trail until the foot guides told them to stop. They waited in the brush for approximately two hours until the foot guides told them to get up and follow him. Once they arrived near the road, he saw the truck parked alongside the road. The foot guides told them to get into the back of the truck. Once they were loaded into the truck, the truck took off and did not stop until Border Patrol stopped them. He never communicated with the people driving the truck.

The other nine undocumented aliens were granted voluntary returns to Mexico.

### III

### PERTINENT LAW

A.  <u>TRANSPORTATION OF ILLEGAL ALIENS</u>

The essential elements of a violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) are that:

1.  The person(s) mentioned in the Indictment was an alien;

2.  The person(s) was an alien who had not received prior official authorization to come to, enter or reside in the United States;

3.  Defendant knew or acted in reckless disregard of the fact that the person(s) was an alien who had not received prior official authorization to come to, enter, or reside in the United States; and

4.  Defendant knowingly transported or moved, or attempted to transport or move the alien in order to help the person(s) remain in the United States illegally.

B.  <u>AIDING AND ABETTING</u>

The essential elements of a violation of Title 18, United States Code, Section 2 are:

1.  The bringing in of aliens was committed by someone;

2.  Defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit the bringing in or transportation of aliens; and

3.  Defendant acted before the crime was completed.

9th Cir., Manual of Model Jury Instructions for the Ninth Circuit, § 5.1 (2006).

//

//

**IV**

**WITNESS LIST**

The Government may call the following witnesses in its case in chief, but reserves the right to call fewer or more witnesses, as necessary:

1. United States Customs and Border Patrol Agent Nick Santos;
2. United States Customs and Border Patrol Agent Mark Salzano;
3. United States Customs and Border Patrol Agent Michael Damian;
4. Rosendo Guillen-Villa (material witness);
5. Enrique Lopez-Orozco (material witness); and
6. Juan Carlos Vera-Najera (material witness).

**V**

**EXHIBIT LIST**

The United States will provide an exhibit list on the morning of trial. Presently, the United States intends to offer into evidence the following items:

1. Photograph of dump truck (front view)
2. Photograph of dump truck (side view)
3. Photograph of inside (back) of dump truck
4. Copy of vehicle registration
5. Copy of videotaped statements of defendants
6. Copy of transcript of videotaped statements (redacted)
7. Copy of the handwritten driving instructions in English language
8. Area map
9. Motorola cell phone

The United States will provide the defendants with a copy of all exhibits in discovery. The United States will make its exhibits available to defendants for examination in advance of trial. The United States requests an opportunity to examine defendants' exhibits before trial.

//
//

## VI

## **PROPOSED VOIR DIRE**

The United States requests that the following voir dire questions be addressed to the jury panel in addition to the Court's standard jury questions:

1. Is anyone had an unpleasant experience with any law enforcement personnel?
2. Has anyone had any disputes with any agency of the United States Government?
3. Have you, relatives or close friends been investigated or arrested or accused or charged with a crime?
4. Does anyone have strong feelings about the Border Patrol, or the INS, the Immigration and Naturalization Service?
5. Does anyone believe that immigration laws are too harsh?
6. Does anyone believe everyone should be allowed to enter the United States?
7. Does anyone believe that it should not be illegal to enter the United States without authorization?
8. Has anyone had an unpleasant experience at the United States border?
9. Does everyone understand that as a juror your duty is to apply the law regardless of whether you disagree with it?
10. Does anyone here know the difference between direct and circumstantial evidence? Direct means that a fact was observed. Circumstantial means that a fact may be inferred.
11. Does everyone understand that as a juror you are not to consider prejudice, pity or sympathy in deciding whether the Defendant is guilty or not guilty?
12. Does anyone think they cannot decide whether a person is guilty or not guilty?
13. Does anyone have religious or moral beliefs which will make it difficult for them to make a decision strictly based on the law and facts of this case?
14. The Court will instruct you about the law. Will you follow the law as given by the Court and disregard any idea or notion you have about what the law is or should be?

//

15. Does everybody understand that the defendant is entitled to a fair trial? Does everybody understand that the United States is also entitled to a fair trial?

16. The law requires the government to prove its case against the defendant beyond a reasonable doubt. If you are selected, would you want the government to prove its case by a higher standard of proof, say beyond any possible doubt?

The United States respectfully reserves the right to submit additional questions prior to trial.

## VII

## **JURY INSTRUCTIONS**

The United States will file its proposed jury instructions under separate cover.

Dated: September 4, 2008

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        s/ Randy K. Jones

        RANDY K. JONES
        Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 08CR1456-LAB |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| KERMIT PEREDA-REBOLLA (1), DANIEL PRECIADO (2), | ) ) | |
| Defendant. | ) ) | |

IT IS HEREBY CERTIFIED THAT:

I, RANDY K. JONES, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **Government's Trial Memorandum** the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

**1.   Elizabeth Barros**
**2.   Erika Maritza Nicolade.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 4, 2008

                        s/ Randy K. Jones
                        RANDY K. JONES