**ELIZABETH M. BARROS**
California State Bar No. 227629
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, CA 92101-5030
(619) 234-8467/Fax: (619) 687-2666
E-Mail: elizabeth_barros@fd.org

Attorneys for Mr. Pereda

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1456-LAB |
| Plaintiff, ) | DATE: September 9, 2008 |
| ) | TIME: 9:00 a.m. |
| v. ) | |
| ) | **DEFENDANT'S PROPOSED** |
| KERMIT PEREDA-REBOLLO, ) | **JURY INSTRUCTIONS** |
| Defendant. ) | |

TO:   KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
      RANDY JONES, ASSISTANT UNITED STATES ATTORNEY:

Mr. Pereda, by and through his counsel, Elizabeth M. Barros and Federal Defenders of San Diego, Inc., and pursuant to Fed. R. Crim. P. 30, requests that the Court instruct the jury on the law as set forth herein.

Mr. Pereda also requests leave to offer further jury instructions as may become relevant during the course of the trial.

Respectfully submitted,

DATED:   September 9, 2008         /s/ Elizabeth M. Barros
                                   **ELIZABETH M. BARROS**
                                   Federal Defenders of San Diego, Inc.
                                   Attorneys for Mr. Pereda

Defendant's Proposed Standard Instructions
(Ninth Circuit Model Criminal Jury Instructions, Sept. 2003):

| Instruction Number | Title |
|---|---|
| 3.1 | Duties of Jury to Find Facts and Follow Law |
| 3.2 | Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof |
| 3.3 or 3.4 (as appropriate) | Defendant's Decision Not to Testify/to Testify |
| 3.6 | What Is Evidence |
| 3.7 | What is Not Evidence |
| 3.8 | Direct and Circumstantial Evidence |
| 3.9 | Credibility of Witnesses |
| 3.10 | Evidence of Other Acts of Defendants Or Acts and Statements of Others |
| 3.11 | Activities Not Charged |
| 4.1 | Statements By Defendant |
| 4.17 | Opinion Evidence, Expert Witness |
| 7.1 | Duty to Deliberate |
| 7.2 | Consideration of Evidence |
| 9.2 | Transportation of Illegal Aliens |

COURT'S INSTRUCTION NO. _____

DEFENDANT'S PROPOSED INSTRUCTION NO.   1

    I instruct you that you must presume Mr. Pereda to be innocent of the offense charged.  Thus, Mr. Pereda, although accused of an offense in the indictment, begins the trial with a "clean slate"—with no evidence against him.  The indictment is not evidence of any kind.  Mr. Pereda is not on trial for any act or crime not contained in the indictment.  The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against Mr. Pereda.  The presumption of innocence alone is sufficient to acquit Mr. Pereda.

    The burden is always upon the government to prove guilt beyond a reasonable doubt.  This burden never shifts to Mr. Pereda for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.  Mr. Pereda is not even obligated to produce any evidence by cross-examining the witnesses for the government.

    It is not required that the government prove guilt beyond all possible doubt.  The test is one of reasonable doubt.  A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  You may consider the evidence or the lack of evidence in determining whether there is a reasonable doubt.

    Unless the government proves, beyond a reasonable doubt, that Mr. Pereda committed each and every element of the offense charged in the indictment, you must find Mr. Pereda not guilty of the offense.  If you view the evidence as reasonably permitting either of two conclusions—one of innocence, the other of guilt—you must, of course, adopt the conclusion of innocence.

<u>Authority</u>

    Devitt and Blackmar, 4th Ed., § 12.10 (modified, with one paragraph borrowed from Devitt and Blackmar, 3d Ed., § 11.14)

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

1  COURT'S INSTRUCTION NO. ____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.  2 

3        The fact that one party called more witnesses and introduced more evidence than the other does not
4  mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same
5  token, you do not have to accept the testimony of any witness who has not been contradicted or impeached,
6  if you find the witness not to be credible. You will also have to decide which witnesses to believe and which
7  facts are true. After examining all of the evidence, you may decide that the party calling the most witnesses
8  has not persuaded you because you do not believe its witnesses.

9        In a moment I will discuss some criteria for evaluating credibility; for the moment, however, you
10 should keep in mind that the burden of proof is always on the government and that Mr. Pereda is not
11 required to call any witnesses or offer any evidence, since he is presumed to be innocent.

13                                      Authority

15  Sand, et al., Modern Federal Jury Instructions: Criminal Pattern Instructions § 4-3 (Matthew
    Bender 2001) (modified); see also United States v. Vargas, 583 F.2d 380, 387 (7th Cir. 1978)
16  (noting that jurors do not have to believe the government's witnesses and can acquit
    defendant upon this basis, even if defendant testifies and jurors do not believe him either).

26 GIVEN ____

27 GIVEN AS MODIFIED ____

28 REFUSED ____

1  COURT'S INSTRUCTION NO. _____

2  DEFENDANT'S PROPOSED INSTRUCTION NO.  3 

Because a particular witness may be a law enforcement officer, such as a Border Patrol Agent, or an employee of a governmental agency, that does not mean that his or her testimony is truthful.

It is quite legitimate for counsel to attack or question the truthfulness of an agent or other government employee on the ground that his or her testimony may be tainted by personal or professional interest in the outcome of this case.

<u>Authority</u>

<u>United States v. Masino</u>, 275 F.2d 129 (2d Cir. 1960).

26  GIVEN _____

27  GIVEN AS MODIFIED_____

28  REFUSED_____

1 COURT'S INSTRUCTION NO. _____

2 DEFENDANT'S PROPOSED INSTRUCTION NO.  4 

3    Mr. Pereda is charged in Count One of the indictment with illegal transportation of an alien in
4 violation of Section 1324(a)(1)(A)(ii) of Title 8 of the United States Code. In order for Mr. Pereda to be
5 found guilty of that charge, the government must prove each of the following elements beyond a reasonable
6 doubt:

7    First, Rosendo Guillen-Villa was an alien;

8    Second, Rosendo Guillen-Villa was not lawfully in the United States;

9    Third, Mr. Pereda knew that Rosendo Guillen-Villa was not lawfully in the United States; and

10    Fourth, the Mr. Pereda knowingly transported or moved, or attempted to transport or move Rosendo
11 Guillen-Villa in order to help him remain in the United States illegally.

12    An alien is a person who is not a natural-born or naturalized citizen or national of the United States.
13 An alien is not lawfully in this country if the person was not duly admitted or paroled into the United States
14 by an Immigration Officer.

15

16                             <u>Authority</u>

17                   Ninth Circuit Model Criminal Jury Instruction - 9.2

26 GIVEN _____

27 GIVEN AS MODIFIED _____

28 REFUSED _____

```
 1  ELIZABETH M. BARROS
    California State Bar No. 227629
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, CA 92101-5008
    (619) 234-8467/Fax: (619) 687-2666
 4  E-Mail: elizabeth_barros@fd.org

 5  Attorneys for Kermit Pereda-Rebollo
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 08CR1456-LAB-01 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CERTIFICATE OF SERVICE** |
| ) | |
| KERMIT PEREDA-REBOLLO, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Counsel for Defendant certifies that a copy of the foregoing document has been served this day upon:

Tamara D. DeHaan
dehaanesq@cox.net;

Randy K. Jones
Randy.Jones2@usdoj.gov,efile.dkt.gc1@usdoj.gov,Stephanie.Delgadillo@usdoj.gov;

Thomas Paul Matthews
tmatthews@libertylawyers.com,afamigo@hotmail.com,nspaniol@libertylawyers.com,
enicolalde@libertylawyers.com; and

Erika Maritza Nicolalde
enicolalde@libertylawyers.com,afamigo@hotmail.com,nspaniol@libertylawyers.com,
tmatthews@libertylawyers.com

Respectfully submitted,

DATED:    September 9, 2008          /s/ Elizabeth M. Barros
                                     **ELIZABETH M. BARROS**
                                     Federal Defenders of San Diego, Inc.
                                     Attorneys for Kermit Pereda-Rebollo